IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Lisa S. Jackson, | ) No. CV 12-502-TUC-HCE |
| Plaintiff, | ) **REPORT & RECOMMENDATION** |
| vs. | ) |
| Wells Fargo Bank, N.A.; et. al., | ) |
| Defendants. | ) |

Pending before the Court are: (1) a Motion to Dismiss filed by Defendant Wells Fargo Bank, N.A., (hereinafter "Defendant Wells Fargo") (Doc. 4); and (2) a Motion to Dismiss filed by Defendants Michael A. Bosco and Tiffany & Bosco, P.A. (Doc. 5). The Magistrate Judge does not have full consent of the parties to preside over this case, *see* 28 U.S.C. §636(c), therefore, the Magistrate Judge has prepared a Report and Recommendation which will be directed to District Judge Raner C. Collins. For the following reasons, the Magistrate Judge recommends that the District Court dismiss this action without prejudice and deny the pending motions to dismiss as moot.

**I.     FACTUAL & PROCEDURAL BACKGROUND**

On July 6, 2012, this matter was removed from state court by Defendant Wells Fargo Bank.[1] (Notice of Removal (Doc. 1)). The civil cover sheet submitted with the Notice of

---

[1] Plaintiff's *pro se* Complaint was filed in state court on May 11, 2012. (Notice of Removal, Exh. 1 (Doc. 1-3)). Plaintiff's action involves property located at HC1 Box 162, Pearce, Arizona. (*Id.*). According to Defendant Wells Fargo, the property was sold to

1 Removal reflects Plaintiff's address as 11200 S. Bell Ranch Road, Pearce, AZ 85625
2 (hereinafter "the Bell Ranch Road address").[2] (Doc. 1-1). Defendant Wells Fargo indicated
3 that the Notice of Removal and accompanying exhibits were mailed to Plaintiff at the Bell
4 Ranch Road Address. (Doc. 1, p.5). The case was assigned to District Judge Cindy K.
5 Jorgenson. (Doc. 3). Thereafter, on July 13, 2012 Defendant Wells Fargo filed the pending
6 Motion to Dismiss. (Doc. 4). Additionally, Defendants Michael A. Bosco and Tiffany &
7 Bosco, P.A., also filed their pending Motion to Dismiss on July 13, 2012. (Doc. 5).
8 Defendants' respective motions to dismiss were sent to Plaintiff at the Bell Ranch Road
9 address. (*See* Docs. 4, 5). On July 24, 2012, the Clerk of Court sent to Plaintiff at the Bell
10 Ranch Road address, a notice that the case had been reassigned to the undersigned Magistrate
11 Judge. (Doc. 7). Also, on July 24, 2012, the Clerk of Court sent to Plaintiff at the Bell
12 Ranch Road address, information and instructions concerning consent to exercise of
13 jurisdiction by the Magistrate Judge and requiring a form be returned to the Court within 14
14 days. (Doc. 8). On July 25, 2012, the Court issued an Order, sent to Plaintiff at the Bell
15 Ranch Road address, wherein the Court set a deadline of August 13, 2012 for Plaintiff to
16 respond to the pending motions to dismiss and advised Plaintiff of her duty to keep the Court
17 apprised of her current address. (Doc. 9). On August 30, 2012, Defendant Wells Fargo filed
18 a Request for Summary Disposition of its pending Motion to Dismiss (Doc. 12) pursuant to
19 LRCiv. 7.2(i), Rules of Practice of the U.S. District Court for the District of Arizona. That
20 request was sent to Plaintiff at the Bell Ranch Road Address. (*Id.*). On September 13, 2012,
21 the envelope containing the notice of reassignment (Doc. 7) was returned to the Court
22 indicating that the addressee "moved left no address unable to forward." (Doc. 13).
23 Review of the record indicates Plaintiff's address on her Complaint filed in state court

---

someone other than Plaintiff upon a Trustee's Sale in March 2012. (Defendant Wells Fargo's Motion to Dismiss, pp. 2-3) (Doc. 4)).

[2]The Bell Ranch Road address appears on the state court summons. (*See* Notice of Removal, Exh. 4 (Doc. 1-6)).

- 2 -

and removed to this Court as follows:

>Lisa S. Jackson
>In-Care-Of
>HC1 Box 162
>Pearce, Arizona, 85625

(hereinafter "the HC1 address") (Notice of Removal, Exh. 1 (Plaintiff's Complaint (Doc. 1-3); *see also* Notice of Removal, Exh. 4 (Notice of Pendency of Action: Lis Pendens filed by Plaintiff indicating that recorded documents should be sent to the HC1 address (Doc. 1-6)).

Despite several pieces of Court mail being sent to the Bell Ranch Road address, only one item has been returned, taking over one month for its return. (Doc. 13). Moreover, Court mail sent to that address required Plaintiff: (1) to return the enclosed form to the Court within 14 days of her appearance in the case (Doc. 8); and (2) to submit responses to the pending motions to dismiss by August 13, 2012 to avoid the Court summarily granting them under LR Civ. 7.2(i) (Doc. 9). The form was not returned to the Court and no responses to the motions to dismiss were filed. There is no indication in the record that Plaintiff requested that mail regarding this action be sent to her at the Bell Ranch Road address. Plaintiff not having so requested, it is questionable whether she received the mail directed to that address. Further, in her state filing, Plaintiff indicated the HC1 Address on her Complaint, and that the Notice of Pendency of Action: Lis Pendens, filed the same day as the Complaint, should be mailed to her at the HC1 address after it was recorded. (Notice of Removal, Exh. 4 (Doc. 1-6)). The Court notes Defendant Wells Fargo's statement that the property at the HC1 address was sold upon a Trustee's Sale in March 2012. (Defendant Wells Fargo's Motion to Dismiss, pp. 2-3 (Doc. 4)). Nonetheless, Plaintiff chose to use the HC1 address when she filed the instant action in state court in May 2012. Therefore, on October 2, 2012, the Court directed the Clerk of Court to amend the docket to reflect the HC1 address listed on Plaintiff's Complaint that had been removed to this Court. (Doc. 14). The Court also directed that Documents 7 and 8 be re-sent to Plaintiff at that address. Defendants were granted five days leave to send their Notice of Removal and pending motions to the HC1 address. On October 3, 2012, Defendants filed notices indicating they had served Plaintiff

- 3 -

1  with their motions to dismiss at the HC1 address.   (Docs. 15, 16).  Thereafter, on October
2  15, 2012, the Court issued an Order advising Plaintiff, *inter alia,* that if she failed to respond
3  to Defendants' motions  by November 13, 2012, the Court may deem her failure to file the
4  required responses as her consent to the granting of the motions. (*See* Doc. 18 (*citing* LRCiv
5  7.2(i)).  All Court mail sent to Plaintiff at the HC1 address has been returned to the Court
6  with indications that delivery was "Attempted-Not Known" (Doc. 19 (return of Docs. 7, 8,
7  14 on October 16, 2012) or "Attempted-Not Known Unable to Forward" (Docs. 20, 21
8  (return of Docs. 17, 18 on October 25, 2012)).

## II.   DISCUSSION

Plaintiff has the general duty to prosecute this case.  *Fidelity Philadelphia Trust Co. v. Pioche Mines Consolidated, Inc.*, 587 F.2d 27, 29 (9th Cir. 1978).  In this regard, it is the duty of a Plaintiff who has filed a *pro se* action to keep the Court apprised of his or her current address and to comply with the Court's orders in a timely fashion.  This Court does not have an affirmative obligation to locate Plaintiff.  "A party, not the district court, bears the burden of keeping the court apprised of any changes in his [or her] mailing address." *Carey v. King*, 856 F.2d 1439, 1441 (9th Cir. 1988).  Further, the Rules of Practice of the U.S. District Court for the District of Arizona require that an unrepresented party, such as Plaintiff, "must file a notice of a[n]...address change...." LRCiv 83.3(d).  Such notice shall be captioned "NOTICE OF CHANGE OF ADDRESS" and shall contain only information pertaining to the change of address and its effective date.  (*Id.*). "[P]*ro se* litigants are bound by the rules of procedure." *Ghazali v. Moran,* 46 F.3d 52 (9th Cir. 1995); *see also King v. Atiyeh,* 814 F.2d 565, 567 (9th Cir. 1987)(*"Pro se* litigants must follow the same rules of procedure that govern other litigants"), *overruled on other grounds by Lacey v. Maricopa County,* 693 F.2d 896 (9th Cir. 2012). Plaintiff's failure to keep the Court apprised of her address constitutes failure to prosecute and to comply with the rules of Court.

Rule 41(b) of the Federal Rules of Civil Procedure provides that an action may be dismissed for "fail[ure] to prosecute or to comply with these rules or a court order...."  The U.S. Supreme Court has recognized that a federal district court has the inherent power to

dismiss a case *sua sponte* for failure to prosecute, even though the language of Rule 41(b) of the Federal Rules of Civil Procedure appears to require a motion from a party. *Link v. Wabash Railroad Co.*, 370 U.S. 626, 629-31 (1962); *see also Hells Canyon Preservation Council v. United States Forest Service,* 403 F.3d 683, 689 (9th Cir. 2005) ("courts may dismiss under Rule 41(b) *sua sponte*"); *Henderson v. Duncan,* 779 F.2d 1421 (9th Cir. 1986) (same). Moreover, in appropriate circumstances, the Court may dismiss an action for failure to prosecute even without notice or hearing. *Link*, 370 U.S. at 633.

In determining whether Plaintiff's failure to prosecute warrants dismissal of her case, the Court must weigh the following five factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the respondents; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. *Carey*, 856 F.2d at 1440. "The first two of these factors favor the imposition of sanctions in most cases, while the fourth cuts against a default or dismissal sanction. Thus the key factors are prejudice and availability of lesser sanctions." *Wanderer v. Johnson*, 910 F.2d 652, 656 (9th Cir. 1990).

Here, the first, second, and third factors favor dismissal of this case. Although Plaintiff did not initially select this forum, her case is presently pending before the District Court. Plaintiff indicated the HC1 address in the state court action and the record reflects that either such address or Plaintiff at that address is "unknown" and the Postal Service is unable to forward mail sent to Plaintiff at that address. Plaintiff's failure to provide an address where she can be reached and her failure to keep the Court apprised of same prevents her case from proceeding in the foreseeable future. On these facts, further delay to the Court or to Defendants is not warranted. The fourth factor, as always, weighs against dismissal. The fifth factor requires the Court to consider whether a less drastic alternative is available. Without Plaintiff's current address, certain alternatives are bound to be futile. In the instant case, as in *Carey*, "[a]n order to show cause why dismissal... [is] not warranted or an order imposing sanctions would only find itself taking a round trip tour through the United States mail." *Carey,* 856 F.2d at 1441.

1  Only one less drastic sanction is realistically available. Rule 41(b) provides that a
2  dismissal for failure to prosecute operates as an adjudication upon the merits unless the court
3  states otherwise in its order for dismissal. In the instant case, dismissal with prejudice would
4  be unnecessarily harsh given that this action can be dismissed without prejudice pursuant to
5  Rule 41(b).

6  Because this case is subject to dismissal under Rule 41(b), Defendants' pending
7  motions to dismiss are moot.

**III.   RECOMMENDATION**

9  For the foregoing reasons, the Magistrate Judge recommends that the District Court
10 enter an order dismissing this action without prejudice and denying the pending motions to
11 dismiss (Docs. 4, 5) as moot.

12 Pursuant to 28 U.S.C. §636(b) and Rule 72(b)(2) of the Federal Rules of Civil
13 Procedure and LRCiv 7.2(e), Rules of Practice of the U.S. District Court for the District of
14 Arizona, any party may serve and file written objections within fourteen (14) days after being
15 served with a copy of this Report and Recommendation. A party may respond to another
16 party's objections within fourteen (14) days after being served with a copy. Fed.R.Civ.P.
17 72(b)(2).

18 Failure to file timely objections to any factual or legal determination of the Magistrate
19 Judge may be deemed a waiver of the party's right to *de novo* review of the issues. *See*
20 *United States v. Reyna-Tapia,* 328 F.3d 1114, 1121 (9th Cir.) (*en banc*), *cert. denied,* 540 U.S.
21 900 (2003). Plaintiff is advised that if she does not file written objections to this Report and
22 Recommendation, this action may be dismissed without further notice to her.

23 Additionally, the Clerk of Court is DIRECTED to send this Report and
24 Recommendation to Plaintiff at each of the following addresses:

25             Lisa S. Jackson
               In-Care-Of
26             HC1 Box 162
               Pearce, Arizona, 85625
27
               Lisa S. Jackson
28             In-Care-Of

- 6 -

|   |   |
|---|---|
| 1 | HC**1** Box 162 |
| 2 | Pearce, Arizona, 85625[3] |
| 3 | Lisa S. Jackson |
|   | 11200 S. Bell Ranch Road |
|   | Pearce, Arizona 85625 |

Plaintiff shall immediately advise the Court and defense counsel of her current address. Such notice shall be captioned "NOTICE OF CHANGE OF ADDRESS." The notice shall contain only information pertaining to the change of address and its effective date. The notice shall not include any motions for any other relief.

DATED this 31st day of October, 2012.

_____
Héctor C. Estrada
United States Magistrate Judge

---

[3] It is possible that instead of "HC**1**", the address indicated by Plaintiff is "HC**I**". (*See* Notice of Removal, Exh. 1 (Doc. 1-3); Defendant Wells Fargo's Motion to Dismiss, Exh. 1 (Doc. 4)).