IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Lisa S. Jackson,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>Wells Fargo Bank, N.A., et al.,<br><br>　　　　Defendants. | No. CV 12-502-TUC-RCC<br><br>**ORDER** |

　　　　Before the Court are: (1) Defendant Wells Fargo's Motion to Dismiss (Doc. 4); (2) Defendant Tiffany & Bosco's Motion to Dismiss (Doc. 5); and a Report and Recommendation ("R&R") issued by Magistrate Judge Hector C. Estrada. The Court accepts and adopts Magistrate Judge Estrada's R&R as the findings of fact and conclusions of law of this Court and will dismiss this case without prejudice.

**I.　　Background**

　　　　On July 6, 2012, this matter was removed from state court by Defendant Wells Fargo Bank. The civil cover sheet submitted with the Notice of Removal reflects Plaintiff's address as 11200 S. Bell Ranch Road, Pearce, AZ 85625. Defendant Wells Fargo indicated that the Notice of Removal and accompanying exhibits were mailed to Plaintiff at the Bell Ranch Road Address. The case was assigned to District Judge Cindy K. Jorgenson. Thereafter, on July 13, 2012 Defendant Wells Fargo filed the pending Motion to Dismiss. Additionally,

1  Defendants Michael A. Bosco and Tiffany & Bosco, P.A., also filed their pending Motion
2  to Dismiss on July 13, 2012. Defendants' respective motions to dismiss were sent to Plaintiff
3  at the Bell Ranch Road address.  On July 24, 2012, the Clerk of Court sent to Plaintiff at the
4  Bell Ranch Road address, a notice that the case had been reassigned to Magistrate Judge
5  Estrada.  Also, on July 24, 2012, the Clerk of Court sent to Plaintiff at the Bell Ranch Road
6  address, information and instructions concerning consent to exercise of jurisdiction by the
7  Magistrate Judge and requiring a form be returned to the Court within 14 days. On July 25,
8  2012, the Court issued an Order, sent to Plaintiff at the Bell Ranch Road address, wherein
9  the Court set a deadline of August 13, 2012 for Plaintiff to respond to the pending motions
10 to dismiss and advised Plaintiff of her duty to keep the Court apprised of her current address.
11 On August 30, 2012, Defendant Wells Fargo filed a Request for Summary Disposition of its
12 pending Motion to Dismiss pursuant to LRCiv. 7.2(i), Rules of Practice of the U.S. District
13 Court for the District of Arizona. That request was sent to Plaintiff at the Bell Ranch Road
14 Address. On September 13, 2012, the envelope containing the notice of reassignment was
15 returned to the Court indicating that the addressee "moved left no address unable to forward."

16  Review of the record indicates Plaintiff's address on her Complaint filed in state court
17 and removed to this Court as follows:

> Lisa S. Jackson
> In-Care-Of
> HC1 Box 162
> Pearce, Arizona, 85625

22 Despite several pieces of Court mail being sent to the Bell Ranch Road address, only
23 one item has been returned, taking over one month for its return. Moreover,
24
25 Court mail sent to that address required Plaintiff: (1) to return the enclosed form to the Court
26 within 14 days of her appearance in the case; and (2) to submit responses to the
27 pending motions to dismiss by August 13, 2012 to avoid the Court summarily granting them

- 2 -

under LR Civ. 7.2(I). The form was not returned to the Court and no responses to the motions to dismiss were filed. There is no indication in the record that Plaintiff requested that mail regarding this action be sent to her at the Bell Ranch Road address. Plaintiff not having so requested, it is questionable whether she received the mail directed to that address. Further, in her state filing, Plaintiff indicated the HC1 Address on her Complaint, and that the Notice of Pendency of Action: Lis Pendens, filed the same day as the Complaint, should be mailed to her at the HC1 address after it was recorded. The Court notes Defendant Wells Fargo's statement that the property at the HC1 address was sold upon a Trustee's Sale in March 2012. Nonetheless, Plaintiff chose to use the HC1 address when she filed the instant action in state court in May 2012. Therefore, on October 2, 2012, the Court directed the Clerk of Court to amend the docket to reflect the HC1 address listed on Plaintiff's Complaint that had been removed to this Court. The Court also directed that Documents 7 and 8 be re-sent to Plaintiff at that address. Defendants were granted five days leave to send their Notice of Removal and pending motions to the HC1 address. On October 3, 2012, Defendants filed notices indicating they had served Plaintiff with their motions to dismiss at the HC1 address. Thereafter, on October 15, 2012, the Court issued an Order advising Plaintiff, inter alia, that if she failed to respond to Defendants' motions by November 13, 2012, the Court may deem her failure to file the required responses as her consent to the granting of the motions. All Court mail sent to Plaintiff at the HC1 address has been returned to the Court with indications that delivery was "Attempted-Not Known" or "Attempted-Not Known Unable to Forward."

Magistrate Judge Estrada recommended that the Court dismiss Plaintiff's case pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, under which a court may dismiss a case for failure to prosecute or failure to comply with a court order. Further, Local Rule 7.2(i) provides that a party's failure to file a required response, "such non-compliance may be deemed a consent to hte denial or granting of the motion and the Court may dispose

of the motion summarily." LRCiv. 7.2(i).

## II. Discussion

The duties of the district court in connection with a R & R are set forth in Rule 72 of the Federal Rules of Civil Procedure and 28 U .S.C. § 636(b)(1). The district court may "accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions. FED.R.CIV.P. 72(b)(3); 28 U.S.C. § 636(b)(1).

Where the parties object to a R & R, "[a] judge of the [district] court shall make a *de novo* determination of those portions of the [R & R] to which objection is made." 28 U.S.C. § 636(b)(1); *see Thomas v. Arn,* 474 U.S. 140, 149-50, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985). When no objection is filed, the district court need not review the R & R *de novo. Wang v. Masaitis,* 416 F.3d 992, 1000 n. 13 (9th Cir.2005); *United States v. Reyna-Tapia,* 328 F.3d 1114, 1121-22 (9th Cir.2003) (en banc). Therefore to the extent that no objection has been made, arguments to the contrary have been waived. *McCall v. Andrus,* 628 F.2d 1185, 1187 (9th Cir.1980) (failure to object to Magistrate's report waives right to do so on appeal); *see also,* Advisory Committee Notes to Fed.R.Civ.P. 72 (citing *Campbell v. United States Dist. Court,* 501 F.2d 196, 206 (9th Cir.1974) (when no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation).

The Court will not disturb a Magistrate Judge's Order unless his factual findings are clearly erroneous or his legal conclusions are contrary to law. 28 U.S.C. § 636(b)(1)(A). "[T]he magistrate judge's decision ... is entitled to great deference by the district court." *United States v. Abonce-Barrera,* 257 F.3d 959, 969 (9th Cir.2001). A failure to raise an objection waives all objections to the magistrate judge's findings of fact. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998). A failure to object to a Magistrate Judge's conclusion "is a factor to be weighed in considering the propriety of finding waiver of an issue on appeal." *Id.* (internal citations omitted).

- 4 -

1 Plaintiff has filed no objections to the R&R, which relieves the Court of its obligation to review. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir.2003); *Thomas v. Arn*, 474 U.S. 140, 149, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985) ("[Section 636(b)(1) ] does not ... require any review at all ... of any issue that is not the subject of an objection."); Fed.R.Civ.P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to.").  However, even conducting a *de novo* review of the record, this Court considers the R&R to be thorough and well-reasoned. Therefore, the Court will adopt the R&R of Magistrate Judge Estrada.

Accordingly,

**IT IS HEREBY ORDERED** that Magistrate Judge Estrada's Report and Recommendation (Doc. 22) is hereby **ACCEPTED** and **ADOPTED** as the findings of fact and conclusions of law by this Court.

**IT IS FURTHER ORDERED denying** Defendant Wells Fargo's Motion to Dismiss (Doc. 4) as **moot**.

**IT IS FURTHER ORDERED denying** Defendant Tiffany & Bosco's Motion to Dismiss (Doc. 5) as **moot**.

**IT IS FURTHER ORDERED** this action is **dismissed without prejudice**, and the Clerk shall enter judgment and close this case.

DATED this 5th day of February, 2013.

Raner C. Collins
United States District Judge